74 N.J. Super. 289 (1962)
181 A.2d 201
JOSEPH ESPOSITO AND ROSE ESPOSITO, HIS WIFE, INDIVIDUALLY AND AS GUARDIANS AD LITEM OF ELAINE ESPOSITO, AN INFANT, PLAINTIFFS,
v.
ANSON B. BARBER, SUPERINTENDENT OF THE PUBLIC SCHOOLS OF NUTLEY, NEW JERSEY, THE BOARD OF EDUCATION OF NUTLEY, NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided May 16, 1962.
*290 Mr. Abraham Miller, attorney for the plaintiffs (Mr. Michael H. Hockman, on the brief).
Mr. C. Russell Kramer appeared for defendants (Messrs. Smith, Kramer & Morrison, attorneys; Mr. Kramer, on the brief).
MASUCCI, J.C.C. (temporarily assigned).
This trial involves an application in lieu of prerogative writs to compel the Town of Nutley (hereafter referred to as Nutley) to provide adequate training, education and speech therapy to the infant plaintiff, a mentally retarded child, who is also afflicted with speech difficulty.
The application is made under the provisions of a statute providing for the training and education of subnormal and physically handicapped children. N.J.S.A. 18:14-71.1 provides for the classification of such children into three groups, two of which groupings are here pertinent and provide as follows:
1. Educable  those who are or may be expected to succeed with a minimum of supervision at home, schools or community life.
*291 2. Trainable  those who are so severely retarded or socially immature that they cannot be classified as educable.
We are further concerned with the child's speech affliction.
The board of education is duty bound to provide suitable facilities and programs of education or training for all children under either classification, even though it requires the procurement of outside facilities or individual instructions or training. N.J.S.A. 18:14-71.5.
The issues involved are the child's classification and whether Nutley has provided proper facilities for her education, training and speech therapy.
Psychologists and experts in the field of training and education of the mentally retarded and physically handicapped children were produced by both sides. As usual, there was disagreement between them but, in the instant case, more in the matter of degree of mental retardation and on the issue of the quality and suffering of speech training, considering the child's mental development and speech affliction.
After a comparison and consideration of the various opinions and conclusions expressed by the experts on both sides, this court was of the impression that the child should be classified as trainable and that speech therapy should await advancement of the child to the educable classification, but was sufficiently in doubt to suggest (and both counsel agreed) the selection by the court of an approved psychologist to help the court in arriving at a conclusion which would best serve the interests of the child which, this court is satisfied, is the ultimate objective of both parties.
Dr. Marvin Metsky, a duly qualified and approved psychologist, was appointed by the court. He examined and made all required tests of the child and forwarded to the court his report and conclusions, a copy of which was sent to each of the attorneys and the original received and marked in evidence.
A reading and study of the report indicates a thorough and extensive examination and testing of the child as to her educational needs and training. Dr. Metsky was of *292 the opinion that, considering the results of his tests and examination and in view of her failure to adequately respond to the educable training received in the Passaic school district, the child presented a borderline case between educable and training classification but, nevertheless, recommended her to classes for the educable retarded, but on a trial basis only. He is further of the opinion that overemphasis of speech correction might produce some secondary emotional disturbances and oversensitiveness to her verbal inadequacy which he suspects is probably her present condition.
Therefore, in view of the opinion of the court appointed psychologist and a comparison and consideration thereof with the opinions of the other experts, it would do no harm and might prove most beneficial to again try the child in the educable grouping and, if she again fails to adequately respond to said training, to then refer her to the training classification.
As to the speech therapy, which actually brought about this litigation, this court feels that the child is not quite ready for speech training, to the extent desired by the mother. Her concern and anxiety for her daughter is understandable. However, as stated by Dr. Metsky, premature training or overemphasis of speech therapy at this time may adversely affect the child emotionally. It seems more probable that she would receive greater benefits and results from speech training after her improvement and advancement in training, education and intelligence.
It has been stated and not disputed that the Bloomfield School, to which the child would be sent under her educable classification, does provide some speech therapy, although considered insufficient by the plaintiffs. The only other school suggested with a greater degree of speech therapy is Fairlawn School. It was testified in court by its superintendent that the school was not, at present, available for additional students.
*293 It is, therefore, determined that said infant be classified in the educable group; that if she does not adequately respond to the schooling provided therefor, she be classified and referred to the trainable group; that she be given whatever speech therapy may be provided by said school and that may be reasonably safe and beneficial to said child, taking into consideration any mental or emotional effect, and that said Nutley provide the necessary facilities and training required for the stated purposes.